**HIGHWAY AND LOCAL MOTOR FREIGHT EMPLOYEES LOCAL UNION NO. 667 affiliated with the International Brotherhood of Teamsters, AFL–CIO, Plaintiffs,**

v.

**WELLS LAMONT CORPORATION, Defendant.**

No. 01–2042.

United States District Court, W.D. Tennessee, Western Division.

Oct. 22, 2001.

---

4. Plaintiff Unum's request alone is 33% of the proceeds of the policy.

Samuel Morris, Allen Godwin Morris Laurenzi & Bloomfield, P.C., Memphis, TN, for plaintiffs.

Ross B. Clark, II, Armstrong Allen, PLLC, Memphis, TN, Joseph M. Gagliardo, Jeffrey S. Fowler, Laner Muchin Dom-brow Becker Levin & Tominberg Ltd, Chicago, IL, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT

DONALD, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment as to the arbitrator's interpretation of their collective bargaining agreement. For the reasons stated herein, defendant's motion for summary judgment is **GRANTED**, plaintiff's motion is **DENIED**, and plaintiffs' complaint is **DISMISSED**.

### I. Factual Background

Plaintiff, Highway and Local Motor Freight Employees Local Union No. 667 ("HLMFE"), and defendant, Wells Lamont Corporation ("WLC"), entered into a collective bargaining agreement effective June 15, 1998 through June 14, 2001.

The relevant portions of the agreement provide:

> "[T]he Company has and shall retain the sole and complete authority and discretion in regard to.... termination [of employment]." Article II.

> "All seniority shall cease and an employee shall be terminated from the payroll when any of the following occurs: ....(b) discharged for just cause." Article VII, Section 5.

> "The decision of the arbitrator shall be final and binding on the parties; however, such decisions must be limited to the interpretation and application of the specific provisions of the agreement." Article XII, Section 3.

On October 20, 1999, Larry Woods was discharged from employment at WLC for insubordination. HLMFE challenged the propriety of Woods' termination and, pursuant to the collective bargaining agreement, the matter was submitted to arbitration.

WLC presented testimony before the arbitrator that Woods refused certain instructions from the General Manager. HLMFE contended that the instructions exceeded WLC's authority, and thus Woods was not obligated to follow them.

In deciding the matter, as the collective bargaining agreement contained no provision for "just cause" terminations, the arbitrator ·relied on a standard of "good faith," measuring whether WLC's decision to discharge Woods was "arbitrary" or "capricious."

Concluding that Woods' conduct constituted insubordination under WLC's employment guidelines, and that Woods' termination was neither arbitrary nor capricious, the arbitrator upheld Woods' discharge.

On January 18, 2001, HLMFE filed suit in this Court, contending that (1) the decision of the arbitrator departed from the terms of the collective bargaining agreement, and that (2) the enforcement of the decision would violate public policy. On July 13, 2001, both parties moved for summary judgment as to the arbitrator's interpretation of the collective bargaining agreement.

## II. Summary judgment standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. This in turn may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727, at 35 (2d ed. Supp.1996).

Facts must be presented to the court for evaluation. *Kalamazoo River Study Group v. Rockwell Int'l*, 171 F.3d 1065, 1068 (6th Cir.1999). The court may consider any material that would be admissible at trial. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2721, at 40 (2d ed.1983). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir.1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Thaddeus–X v. Blatter*, 175 F.3d 378, 400 (6th Cir.1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Walborn v. Erie County Care Facility*, 150 F.3d 584, 588 (6th. Cir.1998). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. *Kalamazoo River*, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

## III. Discussion

■ It is well settled that an arbitrator is confined to interpretation and application of the collective bargaining agreement. United *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *National Post Office Mailhandlers, Watchmen, Messengers and Group Leaders Div., Laborers Intern. Union of North America, AFL–CIO v. U.S. Postal Service*, 751 F.2d 834, (6th Cir.1985). Accordingly, the decision of an arbitrator is legitimate so long as it "draws its essence" from the agreement. *Steelworkers*, 363 U.S. at 597, 80 S.Ct. 1358. Moreover, the decision is "entitled to great deference and generally should be upheld absent irrationality or disregard of plain and unambiguous language in the agreement." *National Post Office, et. al*, 751 F.2d at 840.

■ In the instant case, HLMFE contends that the arbitrator's decision to uphold Woods' discharge did not draw its essence from the collective bargaining agreement. Specifically, HLMFE contends that, in failing to apply Article VII of the agreement, the arbitrator "disregard[ed] the plain language of the contract." (Pl. Memo. at Section IV). HLMFE further contends that, in substituting a "good faith" standard for the "just cause" provision of Article VII, the arbitrator applied non-contractual terms, thus violating the collective bargaining agreement.

WLC contends that HLMFE's reliance on Article VII is misplaced, as Article VII exclusively governs seniority, and Woods' grievance involved only the extent of WLC's discretion in terminating him. (Def. Memo. at 8). The Court agrees.

Article VII, Section 5 of the agreement provides nine independent scenarios for the termination of an employee's seniority. Specifically, Section 5(c) provides, "seniority shall cease....[when an employee] is discharged for just cause." HLMFE relies on this language to impute a duty on the part of WLC to discharge employees *only* for just cause. However, nothing in the agreement requires Article VII to be read in conjunction with Article II, which reserves to WLC "sole and complete authority and discretion" to terminate employees. Moreover, a just cause provision expressly limiting the discretion of WLC in discharge decisions existed in a prior agreement between the parties, but was not included the 1998 agreement. (Def. Memo. at 2).

Therefore, as the present agreement does not require WLC to employ a just cause standard in discharging employees, the Court finds that the arbitrator's failure to impose such a standard was neither

irrational nor inconsistent with the plain language of the agreement. Moreover, as plaintiff fails to specify the manner or extent to which enforcing the arbitrator's decision would violate public policy, plaintiff's complaint on this ground is not well taken. Accordingly, defendant's motion for summary judgment as to the arbitrator's interpretation of the agreement is **GRANTED**. Plaintiff's motion for summary judgment is **DENIED**, and plaintiff's complaint is **DISMISSED**.

## IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED**, plaintiff's motion . is **DENIED**, and plaintiff's complaint is **DISMISSED**.